IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANN JOHNSON, § | | |
|     Plaintiff, § | | |
| § | | CIVIL ACTION NO. 1:13-cv-00113 |
| vs. § | | |
| § | | Jury Trial Demanded |
| ACCOUNT DISCOVERY SYSTEMS, § | | |
| LLC, § | | |
| § | | |
|     Defendant. § | | |

**ORIGINAL COMPLAINT**

**NATURE OF ACTION**

1.  This is an action for damages brought by Plaintiff Ann Johnson ("Plaintiff"), an individual, for Defendant Account Discovery Systems, LLC's ("Defendant") violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Texas Debt Collection Act ("TDCA"), TEX. FIN. CODE § 392.001 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and TEX. BUS. & COM. CODE § 305.053.

2.  Plaintiff seeks to recover monetary damages for Defendant's violations of law and to have an order or injunction issued by this Court preventing Defendant from persisting in its violative behaviors.

3.  Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. § 1132(e)(2).

**JURISDICTION AND VENUE**

4.  Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

1

5.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

6.      Plaintiff is a natural person residing in the State of Texas, County of Travis, and City of Austin.

7.      Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

8.      Defendant is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and by Tex. Fin. Code § 392.001(6).

9.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code § 392.001(2).

## FACTUAL ALLEGATIONS

10.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

11.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely a personal line of credit (the "Debt").

12.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

13. Prior to September 2012, and in connection with the collection of the Debt, Defendant began placing calls to Plaintiff's residential and cellular telephone numbers.

14. In or about September 2012, Plaintiff spoke to Defendant's agent and/or employee.

15. During the September 2012 conversation, Defendant's agent and/or employee stated to Plaintiff that if Plaintiff failed to pay the Debt in full then a judgment would be filed against Plaintiff and the amount of the Debt would increase to three times its then-current amount.

16. Upon information and good-faith belief, Defendant had not filed a lawsuit against Plaintiff and did not intend to file one so that it could obtain a judgment against Plaintiff.

17. During the September 2012 conversation, Defendant falsely represented the amount and character of the Debt by stating the amount of the Debt would increase to three times its then-current amount if Plaintiff failed to pay the debt in full.

18. Also during the September 2012 conversation, Plaintiff requested written verification of the Debt, and Defendant's agent and/or employee responded to Plaintiff that Defendant would not send any written verification to Plaintiff because Plaintiff was "just stalling."

19. The September 2012 conversation was Plaintiff's initial communication with Defendant.

20. Upon information and good-faith belief, Defendant did not provide Plaintiff with the notices required by 15 U.S.C. § 1692g(a) *et seq.*, either in its initial communication with Plaintiff, or in writing within 5 days thereafter.

21. Also in or about September 2012, Plaintiff received a call from Defendant to her cellular phone, and at such time, engaged in a second conversation with Defendant.

22. During the second September 2012 conversation, Plaintiff demanded that Defendant cease and desist from placing any and all telephone calls to Plaintiff.

23. During the September 2012 conversation, Defendant's agent and/or employee told Plaintiff that Defendant would continue to call until Plaintiff paid the Debt.

24. During the September 2012 conversation, Plaintiff again requested that Defendant send Plaintiff written verification of the Debt, and Defendant's agent and/or employee again stated that Defendant would not send written verification of the Debt to Plaintiff.

25. On October 14, 2012, Plaintiff sent Defendant written communication demanding that Defendant cease and desist from placing any and all further calls to Plaintiff.  (See October 14, 2012 Correspondence, attached as Exhibit A).

26. Upon information and good-faith belief, Defendant received Plaintiff's cease and desist letter on or about October 16, 2012.

27. Despite Plaintiff's cease and desist demand, Defendant placed a call to Plaintiff's residence on October 19, 2012 at 11:45 A.M.

28. Despite Plaintiff's cease and desist demand, Defendant placed calls to Plaintiff's cellular telephone number, including, but not limited to, the following dates and times:

- October 16, 2012 at 10:47 A.M.;
- October 16, 2012 at 12:50 P.M.;
- October 16, 2012 at 2:47 P.M.;
- October 16, 2012 at 4:49 P.M.;
- October 17, 2012 at 10:28 A.M.;
- October 18, 2012 at 10:48 A.M.;
- October 18, 2012 at 11:36 A.M.;
- October 18, 2012 at 12:58 P.M.;
- October 19, 2012 at 9:32 A.M.;
- October 19, 2012 at 11:20 A.M.;

- October 19, 2012 at 11:30 A.M.;
- October 19, 2012 at 2:54 P.M.;
- October 19, 2012 at 3:10 P.M.; and
- October 22, 2012 at 9:10 A.M.

29. Defendant placed calls with the intent to harass Plaintiff by continuing to call despite Plaintiff's repeated cease and desist demands.

30. Plaintiff answered several of the above-described telephone calls, and in each such instance, a pre-recorded message was delivered by Defendant.

31. Upon information and good-faith belief, Defendant placed telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system become on many instances when Plaintiff would answer, she would be instructed to wait on the line until a representative of Defendant became available.

32. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

33. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

34. Upon information and good-faith belief, Defendant placed telephone calls to Plaintiff voluntarily.

35. Upon information and good-faith belief, Defendant placed telephone calls to Plaintiff under its own free will.

36. Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff.

37. Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system or an artificial or prerecorded voice to make and/or place telephone calls to Plaintiff.

38. Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cellular telephone number using an automatic telephone dialing system or an artificial or prerecorded voice.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(c)

39. Plaintiff repeats and re-alleges each and every factual allegation contained above.

40. Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d

41. Plaintiff repeats and re-alleges each and every factual allegation contained above.

42. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff, in connection with the collection of the Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692d(5)

43. Plaintiff repeats and re-alleges each and every factual allegation contained above.

44. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

45.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

46.     Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692e(5)

47.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

48. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF 15 U.S.C. § 1692e(10)

49. Plaintiff repeats and re-alleges each and every factual allegation contained above.

50. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of the Debt, including, but not limited to: misrepresenting that the Debt would triple in cost if not paid in full; misrepresenting that Defendant could not send Plaintiff written communication; and threatening that a judgment will be filed against Plaintiff if the Debt was not paid in full.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII
## VIOLATION OF 15 U.S.C. § 1692g(a)

51. Plaintiff repeats and re-alleges each and every factual allegation contained above.

52. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g, either in its initial communication with Plaintiff, or in writing within 5 days thereafter.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

   e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII
## VIOLATION OF TEX. FIN. CODE § 392.302(4)

53.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

54.     Defendant violated TEX. FIN. CODE § 392.302(4) by causing Plaintiff's telephone to ring repeatedly or continuously, or by making repeated or continuous telephone calls, with the intent to harass Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a)  Adjudging that Defendant violated TEX. FIN. CODE § 392.302(4);

  b)  Awarding Plaintiff injunctive relief pursuant to the TDCA;

  c)  Awarding Plaintiff actual damages pursuant to the TDCA;

  d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

  e)  Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

  f)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX
## VIOLATION OF TEX. FIN. CODE § 392.304(a)(8)

55.     Plaintiff repeats and re-alleges each and every factual allegation contained above.

56.     Defendant violated TEX. FIN. CODE § 392.304(a)(8) by misrepresenting the character, extent, or amount of Plaintiff's alleged debt, or misrepresenting the status of Plaintiff's alleged debt in a judicial or governmental proceeding.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

  a)  Adjudging that Defendant violated TEX. FIN. CODE § 392.304(a)(8);

  b)  Awarding Plaintiff injunctive relief pursuant to the TDCA;

  c)  Awarding Plaintiff actual damages pursuant to the TDCA;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT X
## VIOLATION OF TEX. FIN. CODE § 392.304(a)(19)

57.    Plaintiff repeats and re-alleges each and every factual allegation contained above.

58.    Defendant violated TEX. FIN. CODE § 392.304(a)(19) by using false representations or deceptive means to collect a debt or obtain information concerning Plaintiff, including, but not limited to: misrepresenting that the Debt would triple in cost if not paid in full; misrepresenting that Defendant could not send Plaintiff written communication; and threatening that a judgment will be filed against Plaintiff if the Debt was not paid in full.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated TEX. FIN. CODE § 392.304(a)(19);

    b) Awarding Plaintiff injunctive relief pursuant to the TDCA;

    c) Awarding Plaintiff actual damages pursuant to the TDCA;

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XI
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

59.    Plaintiff repeats and re-alleges each and every factual allegation contained above.

60. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT XII
## VIOLATION OF TEX. BUS. & COM. CODE § 305.053

61. Plaintiff repeats and re-alleges each and every factual allegation contained above.

62. Plaintiff received communications originated by Defendant that violated 47 U.S.C. § 227.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the TCPA;

b) Enjoining Defendant from continuing its violative behavior, pursuant to TEX. BUS. & COM. CODE § 305.053(a)(1);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to TEX. BUS. & COM. CODE § 305.053(b);

d) Awarding Plaintiff actual damages pursuant to TEX. BUS. & COM. CODE § 305.053(b); and

e) Awarding Plaintiff treble damages, pursuant to TEX. BUS. & COM. CODE § 305.053(c);

## TRIAL BY JURY

63. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 8th day of February, 2013.

By: /s/ Joseph Panvini
Joseph Panvini
Bar # 028359 AZ
Weisberg & Meyers, LLC
5025 N. Central Ave, #602
Phoenix, AZ 85012
Phone: (888) 595-9111 ext. 125
Facsimile: (866) 577-0963
jpanvini@attorneysforconsumers.com

*Attorney for Plaintiff*
ANN JOHNSON